# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| ESSIE J. COOPER,<br><br>       Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>       Defendant. | No. 19-CV-2034-LRR<br><br>**ORDER** |

## *I. INTRODUCTION*

The matter before the court is Defendant Commissioner of Social Security's ("Commissioner") unresisted Motion to Remand ("Motion") (docket no. 10).

## *II. RELEVANT PROCEDURAL HISTORY*

On April 18, 2016, Plaintiff Essie J. Cooper filed an application for Title II disability insurance benefits. Following an administrative hearing, on September 28, 2018, the administrative law judge ("ALJ") denied Cooper's claim. On April 22, 2019, the Appeals Council denied review. Consequently, the Appeals Council decision constituted the Commissioner's final decision.

On June 6, 2019, Cooper timely filed a Complaint (docket no. 3) seeking judicial review of the Commissioner's final decision. On August 7, 2019, the Commissioner filed an Answer (docket no. 7). On August 27, 2019, the Commissioner filed the Motion. Cooper does not oppose the Motion.

## *III. ANALYSIS*

In the Motion, the Commissioner seeks remand pursuant to sentence four of 42 U.S.C. § 405(g). *See* Motion at 1. The Commissioner argues that remand is necessary for "[f]urther administrative development of this case . . . so that this [c]ourt can perform

a complete review of this case without making de novo findings." *Id*. The Commissioner asserts that, upon remand, that ALJ should: (1) re-evaluate the opinion evidence in the record; (2) re-assess Cooper's residual functional capacity; (3) if necessary, obtain further vocational expert testimony; (4) offer Cooper the opportunity for a hearing; (5) consider evidence that was previously submitted to the Appeals Council; (6) if necessary, more fully develop the administrative record; and (7) issue a new decision. *See id*. at 2.

Section 405(g) provides in relevant part that, "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Because the parties request a remand pursuant to sentence four of 42 U.S.C. § 405(g), the court must conduct a plenary review of the record and provide a substantive ruling regarding the case. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).

Upon review of the record, the court finds that the Motion should be granted. Accordingly, this matter shall be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) with directions to the Appeals Council to vacate the ALJ's decision and remand this case to an ALJ with instructions to reconsider Cooper's claim as discussed herein.

## IV. CONCLUSION

In light of the foregoing, the Motion (docket no. 10) is **GRANTED**. This case is hereby **REVERSED AND REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings as discussed herein.

**IT IS SO ORDERED**.

**DATED** this 13th day of September, 2019.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA